IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV51-03-V
(3:01CR104-V)

| | |
|---|---|
| JOSE DELGADO SANDOVAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed February 9, 2004; on the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, filed April 28, 2004 (Document No. 4.)

For the reasons stated herein, the Government's Motion for Summary Judgment will be granted, and the Petitioner's Motion to Vacate will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Petitioner is one of five defendants named in a three count Bill of Indictment. On May 22, 2002, on the eve of trial and after a jury had ben selected, Petitioner entered a "straight up" guilty plea to all three counts in the Indictment. Petitioner's guilty plea was accepted by this Court on that day after a Rule 11 hearing in which the Court engaged the Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being knowingly and voluntarily tendered. At the Rule 11 hearing, Petitioner specifically affirmed several matters – including that

1

he understood the charges and penalties which he faced; that he actually committed the crime to which he pled guilty; and that he was making his plea freely and voluntarily. On August 7, 2002, Petitioner filed a motion to withdraw his guilty plea.. On December 18, 2002, after a hearing on the issue, this Court denied Petitioner's Motion to withdraw his guilty plea. At Petitioner's sentencing hearing held on January 21, 2003, the Court found that there was a factual basis to support Petitioner's plea and reaffirmed its acceptance of the plea. The Court then sentenced Petitioner to 180 months in prison.

Petitioner did not appeal his case to the Fourth Circuit Court of Appeals. Instead he filed the instant motion on February 9, 2004 alleging that he was subject to ineffective assistance of counsel because his trial counsel provided him with erroneous legal advice which caused him to plead guilty.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Government's Motion for Summary Judgment should be granted. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865

2

(1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53057; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F,2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

3

63, 74-75 (1977).

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief.

Petitioner claims that his attorney, Marcos Roberts, told him that his only option was to plead guilty as charged to all three counts in the Indictment. Mr. Roberts submitted an affidavit, which was attached to the Government's Motion for Summary Judgment as Exhibit 1, in which he established that various plea offers were made by the Government and communicated to the Petitioner through him. He offers in support the visitors log from the jail which corresponds to the dates the plea offers were made to show that he went to see Petitioner to communicate these offers to him. The Government confirmed that it did in fact make various plea offers to the Petitioner through his attorney Mr. Roberts and that the Petitioner declined all of those offers. These plea offers were extended to the Petitioner prior to trial. However, once the case began and the jury was selected, all of the plea offers were withdrawn. Therefore, on the day Petitioner actually pled guilty, which was after the jury had already been selected, his attorney was correct in that he would either have to plead guilty to all counts of the Indictment or go to trial on all counts of the Indictment.

Petitioner does not deny that his attorney came to see him, nor does he deny that plea offers were made to him. He does argue that there was no written plea agreement presented to him to sign, at least not to the best of his memory. Whether Petitioner's attorney communicated a plea offer with him verbally or whether the offer was in writing does not alter the analysis. Petitioner mentions in a footnote that if such a conversation regarding plea offers had taken place, it may be that he did not understand his attorney.[1] Given that Mr. Roberts and the majority of his staff are fluent Spanish speakers, the Court is not persuaded by this argument. Finally, Petitioner points out that Mr. Roberts' affidavit is not a sworn statement. The Court notes that since Mr. Roberts is an attorney and he signed the affidavit, his signature alone represents to the Court that the factual allegations have evidentiary support. See FRCP 11.

The Petitioner also claims that but for this erroneous advice from his attorney, he would not have pled guilty. However, in reviewing the transcript of the plea hearing it is clear that Mr. Roberts actually advised him and informed the Court that he believed Petitioner should proceed to trial and not plead guilty. Against the advice of counsel. Petitioner entered a plea of guilty to all counts in the Indictment.

The record clearly indicates that: (1) plea offers were made to the Petitioner; (2) after the jury was selected, Petitioner, along with co-defendants, decided to plead guilty; (3) Mr. Roberts, Petitioner's attorney advised him to go forward to trial; and (4) Petitioner declined to follow his attorney's advice and plead guilty to all counts of the Indictment. Petitioner has failed to

---

[1] The Court notes that Petitioner stated at his Sentencing Hearing that Mr. Roberts speaks Spanish very well and he did not need the assistance of an interpreter to communicate with him. See Sent.. Hrg. Trans. at 3.

establish that his attorneys performance was constitutionally deficient and that he was prejudiced by his performance.

The record in this matter reflects that the Petitioner has failed to show that there is a genuine issue of material fact for trial in connection with his allegations of ineffective assistance of counsel. Accordingly, the Government's Motion for Summary Judgment must be <u>granted</u> and the Petitioner's Motion to Vacate must be <u>denied</u> and <u>dismissed</u>.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion for Summary Judgment (Document No. 4) is **GRANTED** and Petitioner's Motion to Vacate (Document No. 1) is **DENIED and DISMISSED**

This the __ day of April, 2005.

_____
Richard L. Voorhees
United States District Court

**Signed: May 31, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge